# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OSCAR MARTINEZ, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-574-LPS |
| JOHN CARNEY, et al., | : | |
| Defendants. | : | |

Oscar Martinez, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 27, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I.  INTRODUCTION

Plaintiff Oscar Martinez ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 3)  Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC) in Smyrna, Delaware.  He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).  Also before the Court are Plaintiff's request for counsel and motion for partial summary judgment. (D.I. 7, 18)

## II.  BACKGROUND

Plaintiff filed his Complaint on May 15, 2017, followed by an Amended Complaint on September 5, 2017.[2] (D.I. 3, 14)

On August 3, 2009, Plaintiff was indicted in the Superior Court of the State of Delaware in and for New Castle County on the charge of robbery in the first degree. *See State v. Martinez*, Case I.D. No. 0905009708 (Del. Super.) at D.I. 5; *Martinez v. Metzger*, Civ. No. 17-956-LPS (D. Del.) D.I. 1 Ex. I at D.I. 5.  On September 14, 2009, Plaintiff pled guilty to robbery in the second degree. *Id.* at D.I. 10.  On October 2, 2009, the State moved to declare Plaintiff an habitual offender. *Id.* at D.I. 12.  On November 16, 2009, Plaintiff moved to withdraw his guilty plea; the motion was denied on December 11, 2009. *Id.* at D.I. 14, D.I. 16.  On January 15, 2010, Plaintiff was sentenced to 10 years of imprisonment, followed by a period of probation. *Id.* at D.I. 17.  Plaintiff did not appeal.

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Plaintiff filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court on July 17, 2017. *See Martinez v. Metzger*, Civ. No. 17-956-LPS (D. Del.).  Plaintiff withdrew the petition in August 2017 and the case was closed.

1

On February 19, 2010, Plaintiff filed a request for modification of sentence. *Id.* at D.I. 18. The motion was denied on March 10, 2010 because "the sentence imposed is mandatory and cannot be reduced or suspended." *Id.* at D.I. 19. Plaintiff filed his first motion for postconviction relief on September 7, 2011, and his second motion for postconviction relief on August 12, 2015. *Id.* at D.I. 20, 31. Both motions were denied. *Id.* at D.I. 26, 34.

On March 8, 2017 and March 24, 2017, Plaintiff sought review of his "habitual sentence." *See Martinez*, Civ. No. 17-956-LPS at D.I. 1 at 3; Ex. I at D.I. 46, 47. Therein, Plaintiff raised the following ground for relief: S.B. 163,[3] effective July 19, 2016, allowed Plaintiff to apply to modify his sentence under 11 Del. C. § 4214(f), as enacted by 80 Del. Laws ch. 321 (2016). The matter was summarily dismissed without prejudice. *See id.* Plaintiff also filed a petition for a writ of mandamus in the Superior Court, seeking immediate release to Level 4 Plummer Center and raising the issue that H.B. 18,[4] effective April 13, 2017, was illegal when passed. *See Martinez*, Civ. No. 17-956-LPS, D.I. 1 at 4; Ex. I at D.I. 52. The petition was denied on May 15, 2017. *See id.*

The May 15, 2017 order advised Plaintiff that he was not eligible for relief under 11 Del. C. § 4214(f), for the following reasons:

> The 2016 Act that provides for review of sentences of certain inmates whose sentences were imposed under the Habitual Criminal Act in effect prior to July 19, 2016, has been clarified recently. *See* 81 Del. Laws ch. 6 (2017). Specifically, the General Assembly's intent in amending the state's habitual offender law in 2016 was to address situations where an inmate is serving a "minimum sentence of not less

---

[3]Senate Bill 163 amended Delaware's habitual criminal statute, 11 Del. C. § 4214. The amendment was designed to ensure fairness in the minimum mandatory sentences associated with Delaware's habitual offender statute. *See* 81 Del. Laws ch. 6, § 1 (2017); 80 Del. Laws ch. 321, § 1 (2016).

[4]After questions arose regarding the legislature's intent to focus upon the minimum mandatory sentences imposed by the habitual offender statute, H.B. 18 was enacted to clarify that S.B. 163 was not intended to reduce any specific minimum mandatory sentences that already exist for specific crimes. *See* 81 Del. Laws ch. 6 § 1 (2017).

> than the statutory maximum penalty for a violent felony pursuant to [previous § 4214(a)] . . . not sentences where judges had already exercised complete discretion." Del. H.B. 18 syn., 149th Gen. Assem., 81 Del. Laws ch. 6 (2017).
>
> The offense for which you received a habitual criminal sentence in IN09-05-1244 was robbery second degree. *See* Del. Code Ann. tit. 11, §§ 824 and 4205(b)(5)(2009). In turn, the ten-year term the Court imposed under then-existing § 4214(a) was a wholly discretionary sentence (albeit the first five years were required under then-existing § 4214(a)). *See* Del. Code Ann. tit. 11, § 4214(a) (2009) (providing only a minimum mandatory sentence equal to the statutory maximum for one whose triggering offense is a violent Title 11 felony). You did not receive your ten-year term as a mandatory minimum sentence under the prior version of 11 Del. C. § 4214(a). And so, you are not eligible for relief under new 11 Del. C. § 4214(f).
>
> Moreover, you seem to be under the misimpression that the new provisions of 11 Del. C. 4214(a), (b), and (c) require the Court to adjust the sentence of any inmate who is actually eligible for review. But § 4214(g) has always been clear: "[n]othing in [] section [4214], however, shall require the Court to grant such a petitioner a sentence modification pursuant to [] section [4214]." *See* Del. Code Ann. tit. 11, § 4214 (2016).

*Martinez*, Civ. No. 17-956-LPS, D.I. 1-1 at Ex. E.

On May 16, 2017, Plaintiff commenced this action. (D.I. 3) He states that on April 13, 2017, H.B. 18 (relating to Title 11 Del C. § 4214) was enacted to amend S.B. 163 (relating to Title 11 Del. C. § 4214) concerning habitual offenders, and alleges this version of the bill is unconstitutional because it only applies to habitual offenders who were sentenced to a minimum mandatory life sentence per Title 11 Del. C. § 4214(b) prior to July 19, 2016. (*Id.*) Plaintiff alleges that anyone sentenced prior to April 13, 2017 under subsection (a) of Title 11, Del. C. § 4214, no longer qualifies to have their sentence reviewed because judges had discretion to give any sentence up to life as long as the statutory minimum was given. Plaintiff complains that his motion for review of sentence was improperly dismissed without prejudice. In his Amended Complaint, Plaintiff alleges he is adding that the new law is discriminatory based on it singling out a specific "class of peoples." (D.I. 14 at 7) Plaintiff has named

3

as defendants the Governor and Attorney General of the State of Delaware, a State judge, and several members of the State of Delaware's Senate and House.

Plaintiff seeks his release. (D.I. 3) He asks that the Court declare H.B. 18 unconstitutional and reinstate S.B. 163 as it was introduced and signed on July 19, 2016 by the former governor of the State of Delaware. (D.I. 14) He also asks to be granted relief to the extent possible per the directive of Delaware Superior Court Spec. R. 2017-1 that provides for a review of a request to modify a habitual offender sentence. *See* Del. Super. Ct. Spec. R. 2017-1.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d

4

772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim;

5

(2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's efforts in State Court to have his sentence reviewed and/or modified have been unsuccessful. He now seeks a remedy in this Court.

Plaintiff raises his claims under 42 U.S.C. § 1983. Despite its literal applicability, § 1983 yields to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983. *Id.; see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[S]tate prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."). Under *Heck v. Humphrey*, 512 U.S. 477 (1994), the habeas bar is extended to those cases where a plaintiff seeks money damages "attributable to an unconstitutional conviction or sentence," and any such claim "does not

6

accrue until the conviction or sentence has been invalidated."[5] *Id.* at 489-90. Thus, a prisoner may not use § 1983 to challenge "the fact or duration of his confinement." *Wilkinson*, 544 U.S. at 78.

Here, Plaintiff seeks his release or seeks the application of a statutory process for review or modification of his sentence. It is clear in reading the allegations that Plaintiff is asking the Court to find his sentence illegal. The "only conceivable benefit he might receive" is a speedier or immediate release. *See Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. June 17, 2011) (claims related to fact or duration of confinement must be raised in habeas corpus petition).

Plaintiff's claims are properly habeas claims and must be raised through a habeas petition. The relief he seeks does not lie under § 1983 and, therefore, his claims will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot the request for counsel (D.I. 7) and the motion for partial summary (D.I. 18); and (2) dismiss the amended complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[6] The Court finds amendment futile.

An appropriate Order follows.

---

[5] Plaintiff does not seek monetary damages.

[6] Dismissal is also appropriate on the grounds of lack of personal involvement, *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in civil rights action must have personal involvement in alleged wrongdoing; liability cannot be predicated solely on operation of respondeat superior), executive and legislative immunity, *see Bogan v. Scott-Harris*, 523 U.S. 44, 46, 55 (1998) (executive branch officials (*i.e.*, governor) performing legislative function and state and regional legislators are entitled to absolute immunity from liability under § 1983 for legislative activities), prosecutorial immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutors acting within scope of duties in initiating and pursuing criminal prosecution are immune to suit under § 1983), and judicial immunity, *see Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (judicial officer in performance of duties has absolute immunity from suit and will not be liable for judicial acts).